# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WAYNE DION MUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-058 |
| | ) | |
| JOHN WILCHER, Sheriff; *et al.*; | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Wayne Dion Munson filed this 42 U.S.C. § 1983 action alleging that the conditions of his confinement at Chatham County Jail are unsanitary, the food provided is insufficient, the prison grievance system is not operating sufficiently, and the commissary prices are high. Doc. 1 at 5-8. The Court, having granted his request to pursue his case *in forma pauperis*, doc. 3, and plaintiff having returned the necessary forms, docs. 4-5, now screens his complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint

that fails to state at least one actionable claim against a governmental entity or official.[1]

Liberally construed, plaintiff's Complaint waves at violations of his Eighth Amendment rights.[2] To prove a claim for deliberate indifference to inhumane conditions under the Eighth Amendment, Munson bears the burden of showing that: (1) the challenged prison condition is

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2] As a preliminary matter, dismissal for failure to exhaust administrative remedies is not proper at this stage. Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); see also *Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"); *but see Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856-57 (2016) (clarifying that where a remedy is available in name only (i.e., it is "officially on the books, [but] not capable of use to obtain relief"), an inmate need not exhaust it).

Plaintiff's allegations are, at least on preliminary review, sufficient to satisfy the exhaustion requirement. He says that he has lodged a flurry of grievances about the kitchen and commissary, the showers and cells, and towels and jumpsuits, but has been ignored. Doc. 1 at 3. It is unclear that he has fully exhausted his administrative remedies, but at this stage of the proceedings, dismissal for failure to exhaust would be improper. *See Cole v. Sec'y, Dep't of Corrs.*, 451 F. App'x 827, 828 (11th Cir. 2011) ("The exhaustion requirement is an affirmative defense, and a prisoner is not required to plead or demonstrate exhaustion in his complaint") (citing Jones, 549 U.S. at 216).

extreme and poses an unreasonable risk of serious damage to his future health or safety (the objective component), and (2) the defendant knew of and disregarded an excessive risk to plaintiff's health or safety (the subjective component). *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison condition does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289 (internal quotes omitted).

## I. Conditions of Confinement

Munson first complains about the conditions of his cells (both while in solitary and the general population). Doc. 1 at 5. He contends that they are covered in feces and infested with vermin. *Id*. He also alleges that he was unable to take a shower due to lack of clean clothing and towels, and that he was not provided with suitable bedding while he was in solitary. *Id*. at 7. Finally, he asserts that when he was in solitary he was not provided with a cup from which to drink. *Id*. Munson's complaint that these conditions violate the Eighth Amendment's proscription against cruel and unusual punishments could be construed as alleging either that they are so unsanitary that

3

they are presently harming his health, or that they expose him to an unreasonable risk of future harm.  Claims that prison conditions violate the Eighth Amendment, whether immediately or by creating an unreasonable risk, require the two-pronged showing discussed above. *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement).

Plaintiff alleges generally that the jail is unclean, and that some of the conditions were persistent.  *See* doc. 1 at 5 ("some of this filth is months old, per-mentant [sic] stained").  He also alleges that he suffered from allergies as a result of the unsanitary conditions.  *Id.*  His complaints regarding his time in isolation (i.e. that he was not provided with the opportunity to drink water) are particularly troubling.  These conditions might be sufficiently serious to satisfy the objective requirement of an Eighth Amendment claim.

However, Munson has failed to allege sufficient facts to satisfy the subjective prong of his Eighth Amendment Claim. A prison official cannot be liable for inhumane conditions unless he is deliberately indifferent to them. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 836-38 (1970). Such indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Munson does not state facts supporting the conclusion that any of the defendants knew anything about the unsanitary conditions he alleges he suffered. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to sufficiently plead his claim, Munson must allege facts supporting the conclusion that each defendant was deliberately indifferent to the allegedly foul conditions. Since he has not done so, his failure provides an alternative ground to dismiss his claims against defendants.

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016). That's the case here. Munson's claim might survive preliminary review if he included facts supporting each defendant's subjective knowledge of and indifference to the unwholesome conditions. The Court will give him 30 days to amend his Complaint.

## II.  Food Preparation

Munson also alleges that the food he receives is insufficient nutritionally, that it must be stored in such a manner that it becomes bug and rodent infested, and that it has caused him constipation. Doc. 1 at 6. As to these culinary complaints, the Eighth Amendment is only

concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). When a prisoner's allegations concern quality or preparation of food, courts generally hold that the Constitution merely "requires that food be prepared in a manner that reasonably accords with sound sanitary procedures." *Kennibrew v. Russell*, 578 F. Supp. 164, 168 (E.D. Tenn. 1983). Allegations of a single incident, or isolated incidents, of contamination are insufficient to state a claim. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Rather, a plaintiff must show that unsanitary conditions "pose[d] an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotes omitted); *cf. Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (the Constitution "'does not mandate comfortable prisons,' and only deprivations of 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.").

Munson alleges that in addition to providing stale sandwich bread, there is insufficient nutrition in the meals he is provided at Chatham County Jail and that he is unable to eat it because of the

7

vermin contained in his cell. While occasional moldy bread and spoiled milk do not rise to the level of a constitutional violation, *see, e.g., Perez v. Sullivan*, 100 F. App'x 564, 567 (7th Cir. 2004) (serving spoiled milk is not a constitutional violation); *Velthusen v. Aramark Corrrectional Servs., Inc.*, 2017 WL 236191 at *2 (W.D. Mich. Jan. 19, 2017) (neither is serving moldy bread), food that actually makes a prisoner ill may, *Bowens v. Sikes*, 2017 WL 486266 at *5 (S.D. Ga. Jan. 4, 2017). Such an unhygienic practice, however discomfiting to observe, does not render otherwise nutritionally adequate food unconstitutionally unsafe without a showing of injury. *See, e.g., Miles v. Konvalenka*, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (even a dead mouse in an inmate's meal was only a "minimal deprivation" without a showing of injury); *Lattier v. Cupp*, 2009 WL 3046327 at *5 (W.D. La. Sept. 21, 2009) (staff practice of spitting tobacco in kitchen and discovery of multiple gloves in prepared food not enough to rise to a constitutional violation).

Munson alleges that his food regularly fails to meet minimal standards of safety, is nutritionally deficient, and has caused him constipation. As an initial matter, plaintiff claims that the food makes him uncomfortable. But discomfort alone is insufficient to support an

Eighth Amendment claim. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Likewise, plaintiff's claims that the prison food is calorically low is merely conclusory and insufficient to support a claim at this stage. *Lamb v. Scott*, 2011 WL 1559386, at *4 (N.D. Fla. Apr. 8, 2011) ("Plaintiff's allegation that the servings of fruits and vegetables do not conform to a 'nationally cited nutritional standard,' does not amount to an Eighth Amendment violation"); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (Constitution only requires that prisoners be provided with "reasonably adequate food" of "sufficient nutritional value to preserve health."); *Venturi v. Boyd*, 2014 WL 5824641, at *4 (N.D. Ala. Nov. 10, 2014). Accordingly, plaintiff's food complaints are deficient. However, like his claims regarding the prison conditions, the Court will grant him the opportunity to replead.

### III.  Prison Grievance System

Munson's complaints regarding the prison grievance system are dead on arrival. It is clear that "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (no entitlement to

voluntarily established grievance procedure); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (same). Regardless, although plaintiff complains that he has not gotten responses to all of his grievances, he does admit that some are "pending appeals." Doc. 1 at 3. Thus he is indeed receiving the benefit of this procedure—although it may not be moving as quickly as he would like. This claim should be **DISMISSED**.

## IV. Commissary Prices

Plaintiff alleges that the quality of the products at the commissary is low, while the price is high. Doc. 1 at 6. However "[t]he United States Constitution does not guarantee fair prices at the commissary." *Black v. Donald*, 2006 3535404, *2 (M.D. Ga. Dec. 7, 2006). Even if plaintiff had asserted a sufficient constitutional deprivation associated with the price and quality of the objects available in the commissary, plaintiff's claim would fail.[3] A § 1983 plaintiff must demonstrate either that each individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection

---

[3] To be clear, the Court makes no such finding. In any case, Plaintiff has not alleged that the price or quality of the items he purchases through the commissary has injured him in any way or indeed that they are sufficient to cause injury. In fact, the only "injury" plaintiff alleges is that the pens don't write well because of the hand's natural oils. Doc. 1 at 7.

between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.1986); *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir.1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541-42 (11th Cir.1994). Though he states that the commissary has high prices and bad products, Munson never alleges that any of the defendants set food policies or has any personal control over the commissary or its prices. Doc. 1 at 7. Accordingly, plaintiff does not allege any causal connection between the alleged constitutional deprivations relating to the commissary and any policies, customs, or conduct of the defendants.

This claim should also be **DISMISSED**.

Meanwhile, it is time for Munson to pay his filing fee. His PLRA paperwork reflects $207.91 in average monthly deposits and a $4.33 average monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes a $41.58 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $41.58 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>18th</u> day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA