# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WAYNE DION MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV419-058 |
| | ) |
| JOHN WILCHER, Sheriff; *et al.*; | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Wayne Dion Munson filed this 42 U.S.C. § 1983 action alleging that the conditions of his confinement at Chatham County Jail are unsanitary, the food provided is insufficient, the prison grievance system is not operating sufficiently, and the commissary prices are high. Doc. 1 at 5-8. The Court granted his request to pursue his case *in forma pauperis*, doc. 3, and plaintiff returned the necessary forms. Docs. 4-5. The Court then screened his complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or

official.¹  Doc. 6.  The Court recommended the dismissal of plaintiff's claims regarding the prison grievance system and commissary prices be dismissed.  *Id.* at 10, 12.  While plaintiff's claims regarding the conditions of his confinement and the quality of his food were insufficient as pleaded, the Court granted him the opportunity to amend those claims.  *Id.* at 6, 9.  Plaintiff has now filed that amended complaint and the Court determines that while his claims regarding the conditions of his confinement should proceed to service, his claims regarding the quality of his food should be **DISMISSED**.

As before, plaintiff's liberally construed complaint waves at violations of his Eighth Amendment rights.²  To prove a claim for

---

¹ Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to him.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).  Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

² As a preliminary matter, dismissal for failure to exhaust administrative remedies is not proper at this stage.  Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement.  *See* 42 U.S.C. § 1997e(a).  Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate."  *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); see also *Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"); *but see Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856-57 (2016) (clarifying that where a remedy is available in name only (i.e., it is "officially on the books, [but] not capable of use to obtain relief"), an inmate need

deliberate indifference to inhumane conditions under the Eighth Amendment, Munson bears the burden of showing that: (1) the challenged prison condition is extreme and poses an unreasonable risk of serious damage to his future health or safety (the objective component), and (2) the defendant knew of and disregarded an excessive risk to plaintiff's health or safety (the subjective component). *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison condition does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289 (internal quotes omitted).

## I. Conditions of Confinement

Munson originally complained about the conditions of his cells (both while in solitary and the general population). Doc. 1 at 5. He contends that they are covered in feces and infested with vermin. *Id.* He also

---

not exhaust it).

Plaintiff's allegations are, at least on preliminary review, sufficient to satisfy the exhaustion requirement. He says that he has lodged a flurry of grievances about the kitchen and commissary, the showers and cells, and towels and jumpsuits, but has been ignored. Doc. 1 at 3. It is unclear that he has fully exhausted his administrative remedies, but at this stage of the proceedings, dismissal for failure to exhaust would be improper. *See Cole v. Sec'y, Dep't of Corrs.*, 451 F. App'x 827, 828 (11th Cir. 2011) ("The exhaustion requirement is an affirmative defense, and a prisoner is not required to plead or demonstrate exhaustion in his complaint") (citing Jones, 549 U.S. at 216).

3

alleged that he was unable to take a shower due to lack of clean clothing and towels, and that he was not provided with suitable bedding while he was in solitary. *Id.* at 7. Finally, he asserted that when he was in solitary he was not provided with a cup from which to drink. *Id.* Munson's complaint that these conditions violate the Eighth Amendment's proscription against cruel and unusual punishments could be construed as alleging either that they are so unsanitary that they are presently harming his health, or that they expose him to an unreasonable risk of future harm. Claims that prison conditions violate the Eighth Amendment, whether immediately or by creating an unreasonable risk, require the two-pronged showing discussed above. *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement).

Plaintiff also alleged generally that the jail is unclean, and that some of the unsanitary conditions were persistent. *See* doc. 1 at 5 ("some

4

of this filth is months old, per-mentant [sic] stained"). He also claimed that he suffered from allergies as a result of the unsanitary conditions. *Id*. His complaints regarding his time in isolation (i.e., that he was not provided with the opportunity to drink water) are particularly troubling. Likewise, plaintiff's allegations that the rodent population make it difficult to eat any prepackaged food due to infestation also suggest an unreasonable risk. These conditions might be sufficiently serious to satisfy the objective requirement of an Eighth Amendment claim.

Plaintiff's amended complaint now also includes sufficient facts to satisfy the subjective prong of his Eighth Amendment Claim. A prison official cannot be liable for inhumane conditions unless he is deliberately indifferent to them. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 836-38 (1970). Such indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Plaintiff alleges that he spoke with defendant Wilcher regarding the unsanitary nature of the jail—albeit briefly—, that defendant Khone performed a walk-through of the facility when its state

was clearly visible, and that defendant Counihan saw it on a day-to-day basis. Doc. 7 ad 3-4. Although this is admittedly scanty, the Court concludes that it is sufficient to allow this claim to proceed.

## II. Food Preparation

Munson also alleged that the food he received was insufficient nutritionally.[3] Doc. 1 at 6. The Court previously explained that, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). When a prisoner's allegations concern quality or preparation of food, courts generally hold that the Constitution merely "requires that food be prepared in a manner that reasonably accords with sound sanitary procedures." *Kennibrew v. Russell*, 578 F. Supp. 164, 168 (E.D. Tenn. 1983). Allegations of a single incident, or isolated incidents, of contamination are insufficient to state a claim. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Rather, a plaintiff must show that unsanitary conditions "pose[d] an unreasonable risk of serious damage to

---

[3] The Court treats plaintiff's allegations that the bug and rodent infestation in the jail make it difficult to eat prepackaged food under the conditions of confinements portion of this Order and Report and Recommendation.

his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotes omitted); *cf. Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (the Constitution "'does not mandate comfortable prisons,' and only deprivations of 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.").

Munson continues to allege that there is insufficient nutrition in the meals he is provided at Chatham County Jail. Doc. 7 at 2. As before, plaintiff's claims that the prison food is calorically low is merely conclusory and insufficient to support a claim at this stage. *Lamb v. Scott*, 2011 WL 1559386, at *4 (N.D. Fla. Apr. 8, 2011) ("Plaintiff's allegation that the servings of fruits and vegetables do not conform to a 'nationally cited nutritional standard,' does not amount to an Eighth Amendment violation"); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (Constitution only requires that prisoners be provided with "reasonably adequate food" of "sufficient nutritional value to preserve health."); *Venturi v. Boyd*, 2014 WL 5824641, at *4 (N.D. Ala. Nov. 10, 2014). Accordingly, plaintiff's complaints regarding the quantity and quality of his food are deficient and should be **DISMISSED**.

7

Because plaintiff's claims regarding the conditions of his confinement survive frivolity review, his complaint is authorized for service on the defendants. The Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's original and amended complaints, docs. 1 & 7, as well as this Court's prior Report and Recommendation, doc. 6, and the District Judge's Order adopting that Report and Recommendation, doc. 9, to the Marshal for Service.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 29th day of August, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA