# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

WAYNE DION MUNSON,     )
                              )
       Plaintiff,          )
                              )
v.                       )
                              )       CV419-058
JOHN WILCHER, *et al.*     )
                              )
       Defendants.      )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Wayne Dion Munson brought this 42 U.S.C. § 1983 complaint against the sheriff and two administrators of the Chatham County Jail.  *See* doc. 1.  The Court granted Munson's request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms, docs. 4 & 5.  The Court screened plaintiff's complaint and initially found all of his claims deficient but granted him the opportunity to amend his complaint.  Doc. 6.  The District Judge adopted that Report and Recommendation, doc. 9, and plaintiff filed an amended complaint which the Court concluded adequately pled claims regarding the conditions of his confinement, doc. 10.  The case then proceeded to discovery on this claim.  Plaintiff has filed

several motions; doc. 25, doc. 26, doc. 30, doc. 31, doc. 33; and one defendant has filed a motion for summary judgment, doc. 27.   In particular, one of the last motions that plaintiff filed was a motion to withdraw his case.  Doc. 31.  Because it appears that plaintiff seeks to dismiss his claims, the Court recommends that plaintiff's voluntary motion to dismiss be granted, and that all remaining motions be **DISMISSED AS MOOT**.[1]

## I.   BACKGROUND

Munson's original complaint related to the conditions of his cells (both while in solitary and the general population).  Doc. 1 at 5.  He contends that they are covered in feces and infested with vermin.  *Id.*  He also alleged that he was unable to take a shower due to lack of clean clothing and towels, and that he was not provided with suitable bedding while he was in solitary.  *Id.* at 7.  Finally, he asserted that when he was in solitary he was not provided with a cup from which to drink.  *Id.*

---

[1] Plaintiff's request for a preliminary injunction should also be dismissed.  As an initial matter, it appears to relate to claims against Rutledge State Prison, which is in Muscogee County, Georgia and is in the Middle District of Georgia. 28 U.S.C. § 90(b)(3).  As his claim arises from events that occurred in another district, the proper forum for those claims would appear to be in the United States district Court for the Middle District of Georgia.  28 U.S.C. § 1391(b)(venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); *see* 28 U.S.C. § 90(b)(2).

Plaintiff also alleged generally that the jail is unclean, and that some of the unsanitary conditions were persistent. *See* doc. 1 at 5 ("some of this filth is months old, per-mentant [sic] stained"). He also claimed that he suffered from allergies as a result of the unsanitary conditions. *Id.* His complaints regarding his time in isolation (i.e., that he was not provided with the opportunity to drink water) were particularly troubling. Likewise, plaintiff's allegations that the rodent population make it difficult to eat any prepackaged food due to infestation also suggested an unreasonable risk. As a result, the Court concluded that these claims should be served. *See* doc. 10.

## II.   ANALYSIS[2]

As an initial matter, plaintiff has sought to voluntarily dismiss his case, doc. 31, and at least one defendant has objected, doc. 32. Generally, a plaintiff may dismiss a claim without a court order only if the notice is served 1) "before the opposing party serves either an answer or a motion for summary judgment; or [2] pursuant to] a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(i-ii).

---

[2]   *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

Neither of these provisions are applicable to plaintiff, as the defendants have answered and at least one has filed a motion for summary judgment. Defendant Wilcher appears to suggest that this means that plaintiff *cannot* dismiss his suit. Doc. 32 ("Plaintiff's Motion must fail as a matter of law."). However, that is not the case.

Fed. R. Civ. P. 41(a) has two sections. While the first prevents dismissal by the plaintiff without a court order in the circumstances described above, the second section has no such limitation. Fed. R. Civ. P. 41(a)(2), allows "an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper."[3] Thus, even in spite of the defendant's objection, it is possible for the Court to dismiss plaintiff's complaint so long as it is on terms which the Court considers proper. Here, the Court concludes that such a determination is proper because it appears that plaintiff's complaint is unexhausted and would likely not survive regardless.

Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies *before* filing an action that challenges

_____

[3] There is an exception under this rule for circumstances where a defendant has pled a counterclaim, however, since there are no counterclaims in this case this exception is inapplicable.

the conditions of his confinement.  *See* 42 U.S.C. § 1997e(a).  Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate."  *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216 F.3d 970 (2000) (*en banc*); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").  When a defendant moves to dismiss and puts forward proof showing that plaintiff failed to exhaust and defendant did not inhibit his efforts to do so, the PLRA requires the Court to dismiss the unexhausted claims.[4]  *See Turner v. Burnside*, 541 F.3d 1077, 108-83 (11th Cir. 2008) (describing the two-prong "facial" and "factual" evaluation of exhaustion as a "matter in abatement," as it is a precondition to suit, not an adjudication on the merits); *Harris*, 190 F.3d at 1285-86.  Simply put, if an administrative remedy is "available," it *must* be exhausted.  42 U.S.C. § 1997e(a).

---

[4]  Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

Chatham County Detention Center maintains a grievance procedure. Doc. 28 at 5. Under the procedure, an inmate must submit a grievance to the wing officer who may attempt to resolve it. *Id.* If that process is unsuccessful, an inmate may file a written grievance or submit the grievance to the kiosk. *Id.* The Wing Officer receives the grievance, determines whether it constitutes an emergency, and then forwards it to the appropriate supervisor. *Id.* The supervisor reviews the grievance and attempts to answer it. *Id.* The inmate receives the answered grievance and then may either accept it or appeal. *Id.* If there is an appeal, it is assigned to a staff member for investigation, who makes a report and gives the inmate five days to review the findings. *Id.* The grievance is then sent to the manager for final review. *Id.* The manager reviews the grievance and if the inmate continues to appeal, will render a final decision which is again forwarded to the inmate for review. *Id.*

In this case, while plaintiff has filed myriad grievances, see doc. 28-2, he appealed none of them. Thus, it appears plausible that plaintiff did not fully exhaust his remedies and his suit is unripe. Accordingly, the Court sees no reason not to dismiss the case as plaintiff requests. The Court acknowledges that one defendant has objected to this dismissal, but the Court will not continue the case merely to reach a motion for

summary judgment that would dispose of the claims against only one defendant, rather than all, when the plaintiff has clearly indicated that he does not wish to pursue this litigation further.  Disposing of such a motion on its merits, where the plaintiff has indicated no active controversy remains, may also exceed this Court constitutional authority. *See, e.g., United States v. Sanchez-Gomez*, ___ U.S. ___, 138 S. Ct. 1532, 1537 (2018) ("A case that becomes moot during any point in the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III and is outside the jurisdiction of the federal courts." (internal quotation and citation omitted)).  The Court recommends that this dismissal be without prejudice, although the parties may request a dismissal with prejudice in their objections to this R&R.

## III.  CONCLUSION

For the following reasons, plaintiff's request to dismiss this case should be **GRANTED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>9th</u> day of November, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA